THOMAS M. MCINERNEY, CA Bar No. 162055
tmm@ogletree.com
BENJAMIN A. MAINS, CA Bar No. 274056
benjamin.mains@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:     415-442-4810
Facsimile:     415-442-4870

Attorneys for Defendant
XYPHOS BIOSCIENCES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKASH BHAGWANDIN, an individual;<br><br>        Plaintiff,<br><br>    v.<br><br>XYPHOS BIOSCIENCES, INC., a Delaware corporation; and DOES 1 through 50, inclusive;<br><br>        Defendants. | Case No.<br><br>**DECLARATION OF BENJAMIN A. MAINS IN SUPPORT OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |

51471024_1.docx

## DECLARATION OF BENJAMIN A. MAINS

I, Benjamin A. Mains, declare and state as follows:

1.　　I am an attorney licensed to practice law before all courts of the State of California. I am an associate at the law firm Ogletree, Deakins, Nash, Smoak and Stewart, P.C., counsel for Defendant Xphos Biosciences, Inc. ("Xyphos").  I make this declaration in support of Xyphos' Removal of Civil Action to United States District Court ("Removal").  As a counsel of record, I am familiar with case records and proceedings in this action that Plaintiff Vikash Bhagwandin ("Plaintiff") initiated in California Superior Court, County of San Mateo ("San Mateo Superior Court") entitled *Vikash Bhagwandin v. Xyphos Biosciences, Inc., et al.,* Case No. 22-CIV-01256 (the "State Action").  I have personal knowledge of all of the facts set forth in my declaration, and if called upon to testify to the same, I could and would do so competently and truthfully.

2.　　Attached as **Exhibit A** to my declaration all documents served on Xypos, including the Summons, Complaint, Notice and Acknowledgement of Receipt of Summons and Complaint, and Civil Case Cover Sheet Plaintiff filed on March 23, 2022, in Santa Mateo Superior Court to initiate the State Action.

3.　　Plaintiff first effected service of the Summons and Complaint on Defendant Xyphos in the State Action on April 12, 2022, pursuant to California Code of Civil Procedure § 415.30. Attached as **Exhibit B** to my declaration is a true and correct copy of the "Notice and Acknowledgment of Receipt – Civil" that Defendant Xyphos signed on April 12, 2022 and thereafter returned to Plaintiff (through counsel), resulting in service on Defendant Xyphos first being effected on that date**.**

4.　　On May 11, 2022, I reviewed the San Mateo Superior Court's on-line docket for the State Action, and I identified three additional documents on file in the State Action.  Attached as **Exhibit C** to my declaration are true and correct copies of the Notice of Assignment for All Purposes issued by the San Mateo Superior Court on March 23, 2022, Peremptory Challenge Pursuant to CCP 170.6 filed by Plaintiff's Counsel on April 11, 2022, and Notice of Reassignment for All Purposes issued by the San Mateo Superior Court on April 12, 2022.  Other than the foregoing pleadings and documents, I am unaware of any other documents on file with the San Mateo Superior Court in the

1    State Action.

2         I declare under penalty of perjury under the laws of the United States of America and the

3    State of California that the foregoing is true and correct, and that this declaration was executed on

4    May 12, 2022, at San Francisco, California

5

6    _____

7    BENJAMIN A. MAINS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3                    Case No.

DECLARATION OF BENJAMIN A. MAINS IN SUPPORT OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

XYPHOS BIOSCIENCES, INC., a Delaware corporation; and DOES 1 through 50, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

VIKASH BHAGWANDIN, an individual;

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 3/23/2022
By   /s/ Una Finau
**Deputy Clerk**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>SAN MATEO COUNTY SUPERIOR COURT<br>400 County Center, Redwood City, CA 94063 | **CASE NUMBER:** 22-CIV-01256<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Joseph M. Lovretovich; Eric M. Gruzen; Shahla Jalil-Valles - 5855 Topanga Canyon Boulevard, Suite 300
Woodland Hills, CA 91367  (818) 610-8800

| DATE: 3/23/2022<br>*(Fecha)* | Neal I. Taniguchi | Clerk, by<br>*(Secretario)* | /s/ Unaloto Finau | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Joseph M. Lovretovich; Eric M. Gruzen; Shahla Jalil-Valles (73403; 222448; 327827)
JML LAW, APLC
5855 Topanga Canyon Boulevard, Suite 300
Woodland Hills, CA 91367
TELEPHONE NO.: (818) 610-8800   FAX NO.: (818) 610-3030
ATTORNEY FOR *(Name):* Plaintiff, VIKASH BHAGWANDIN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: SOUTHERN BRANCH: HALL OF JUSTICE

**FOR COURT USE ONLY**

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 3/23/2022
By /s/ Una Finau
Deputy Clerk

CASE NAME:
BHAGWANDIN v. XYPHOS BIOSCIENCES, INC., ET AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER 22-CIV-01256 |
|---|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter**  [ ] **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/23/2022

Eric M. Gruzen; Shahla Jalil-Valles
(TYPE OR PRINT NAME)

▶ *Shahla Jalil-Valles*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO: 73403; 222448; 327827<br>NAME: Joseph M. Lovretovich; Eric M. Gruzen; Shahla Jalil-Valles<br>FIRM NAME: JML LAW, APLC<br>STREET ADDRESS: 5855 Topanga Canyon Boulevard, Suite 300<br>CITY: Woodland Hills   STATE: CA   ZIP CODE: 91367<br>TELEPHONE NO.: (818) 610-8800   FAX NO.: (818) 610-3030<br>E-MAIL ADDRESS: jml@jmllaw.com; egruzen@jmllaw.com; shahla@jmllaw.com<br>ATTORNEY FOR (Name): Plaintiff VIKASH BHAGWANDIN | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS: 400 County Center<br>CITY AND ZIP CODE: Redwood City, CA 94063<br>BRANCH NAME: SOUTHERN BRANCH: HALL OF JUSTICE |
| Plaintiff/Petitioner:   VIKASH BHAGWANDIN<br>Defendant/Respondent:   XYPHOS BIOSCIENCES, INC., ET AL. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>22-CIV-01256 |

TO (insert name of party being served): Xyphos Biosciences, Inc. c/o Benjamin A. Mains/Ogletree, Deakins, Nash, Smoak & Stewart
One Embarcadero Center, Suite 900 | San Francisco, CA 94111

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 3/23/2022

Diana Muftikian
(TYPE OR PRINT NAME)  ▶  _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

   Civil Case Coversheet

(To be completed by recipient):

Date this form is signed: _____

_____  ▶  _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,   (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
ERIC M. GRUZEN, STATE BAR NO. 222448
SHAHLA JALIL-VALLES, STATE BAR NO. 327827

Attorneys for Plaintiff
**VIKASH BHAGWANDIN**

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON       3/23/2022
By_____/s/ Una Finau_____
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN MATEO - SOUTHERN BRANCH: HALL OF JUSTICE**

| | |
|---|---|
| VIKASH BHAGWANDIN, an individual;<br><br>                    Plaintiff,<br><br>vs.<br><br>XYPHOS BIOSCIENCES, INC., a Delaware corporation; and DOES 1 through 50, inclusive;<br><br>                    Defendants. | Case No.: 22-CIV-01256<br><br>COMPLAINT FOR:<br><br>1.  **VIOLATION OF LABOR CODE § 1102.5;**<br>2.  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.** |

Plaintiff, VIKASH BHAGWANDIN, hereby brings his complaint against the above-named Defendants and states and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1.  At all times material herein, Plaintiff, VIKASH BHAGWANDIN (hereinafter referred to as "Plaintiff") was and a resident of the State of California, County of San Mateo.

2.  Plaintiff is informed, believes, and based thereon alleges that, at all times material herein, Defendant XYPHOS BIOSCIENCES, INC. (hereinafter "XYPHOS") is a Delaware corporation and was doing business in the State of California.

1

3. DOES 1 through 50, and each of them, were and are the shareholders, and/or directors, and/or officers, and/or agents, and/or alter egos of Defendants, and in doing the things herein described, were acting within the scope of their authority as such shareholders, and/or directors, and/or officers, and/or agents, and/or alter egos of Defendants.

4. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said fictitious names.  Plaintiff is informed and believes that each of the Defendants named as a DOE Defendant is legally responsible in some manner for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff.  Plaintiff will in the future seek leave of this court to show the true names and capacities of these DOE Defendants when it has been ascertained.

5. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below.

6. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, spouse, partner, alter-ego, joint employer, and/or joint venturer of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the permission, consent and ratification of each of the other Defendants named herein.

7. Finally, Defendants are liable for the acts of their employees under the doctrine of respondeat superior and via conspiracy liability.  Each of the acts described above and further described below under each Cause of Action was perpetrated during the course and scope of employment of the actors, was carried out with knowledge of Defendants, was condoned and ratified, and/or was taken pursuant to an implied agreement by Defendants to deliberately take said actions.

8. Defendant XYPHOS BIOSCIENCES, INC., (hereinafter collectively referred to as "Employer Defendants"), and each of them, were joint employers of Plaintiff in that each of them exercised that degree of control over the terms and conditions of Plaintiff's employment and each of them have engaged, suffered, and permitted Plaintiff's employment, so as to constitute a joint employment relationship. Accordingly, Employer Defendants, and each of them, should be held jointly liable to Plaintiff for the wrongful acts alleged herein.

9. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

10. The jurisdiction of this Court is proper for the relief sought herein, and the amount demanded by Plaintiff exceeds $25,000.

## **FACTUAL ALLEGALTIONS**

11. Plaintiff began working for Defendant in about May 2020 as a Principal Scientist. Plaintiff's daily responsibilities included discovering, identifying, and characterizing mechanisms of action for novel targets to treat solid tumors using the Xyphos platform. Plaintiff also worked to acquire assets in order to expand Defendant's therapeutic pipeline. Plaintiff excelled in his position and quickly became a valued and integral employee of Defendant's organization.

12. Throughout Plaintiff's tenure with Defendant, he had no performance nor disciplinary problems and performed all of his job duties with competence.

13. In about October 2020, Plaintiff became aware that there was a problem with Defendant's therapy platform. Specifically, he reasonably believed that the therapy platform that Defendant was producing had potential toxicity that could be detrimental to cancer patients. After realizing this discovery, Plaintiff constantly raised the issue of potential toxicity problems with the therapy platform to Defendant. The first person that Plaintiff informed of this finding was his supervisor, Kaman Kim ("Kim"). Plaintiff based his beliefs on scientific research that he conducted and the blinded results that were reproduced by his technician, Erene Niemi ("Niemi").

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

14. After relaying his concerns to Kim, Plaintiff was retaliated against by Kim, who removed certain core responsibilities from Plaintiff.

15. Plaintiff reasonably believed that the practices Defendant was engaging in by continuing to produce its therapy platform was in violation of local, state and federal laws, given that he reasonably believed that the therapy platform was detrimental to the health of patients. Specifically, Plaintiff had a reasonable belief that the information he provided to Defendant disclosed a violation of the Code of Federal Regulations ("CFR") Title 21 – Food and Drugs. Plaintiff reasonably believed that the information he provided to Defendant violated Parts 312 and 600 of Title 21. Part 312 regulates Investigational New Drug Applications and Part 600 regulates Biological Products.

16. After October 2020, Plaintiff constantly brought these concerns to the attention of Defendant, but was entirely ignored. Specifically, Plaintiff told the following employees and agents of Defendant of his concerns: Kaman Kim ("Kim"), Caralee Schaffer ("Schaffer"), Alper Kearny ("Kearny"), Keith Baghat ("Baghat"), David Martin ("Martin"), Noboru Yamaji ("Yamaji"), Dana Gebhart ("Gebhart"), Steve Williams ("Williams"), Shilpa Demes ("Demes"), Charles Vacin ("Vacin"), Erene Niemi ("Niemi"), Natalia Ulyanova ("Ulyanova"), Matt Chou ("Chou"), Tosei Murase ("Murase"), Shinji Ogino ("Ogino"), Daulet Satpayev ("Satpayev"), and James Knighton ("Knighton").

17. After bringing these findings to light, Plaintiff began to be treated differently by his peers and especially by his supervisors. Plaintiff noticed that his supervisors began to consistently go out of their way to openly embarrass, disrespect, and discredit Plaintiff.

18. In about June 2021, Plaintiff raised his concerns with the outgoing Chief Executive Officer of Defendant, James Knighton ("Knighton"), who threatened Plaintiff and told him in an aggressive tone "You better be damn sure about your claims or it won't be good for you and your career."

19. Days after bringing his concerns to Knighton, Plaintiff was terminated on June 29, 2021. Plaintiff was wrongfully terminated for whistleblowing and informing Defendant of his findings. Plaintiff believes that Defendant ignored his complaints because if it were to stop or

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

change its therapy platform, Defendant would have lost a significant amount of money. In an effort to avoid losing money and having Plaintiff's findings coming to light, Defendant terminated his employment.

20. Plaintiff was wrongfully terminated under pretextual and falsified reasons. Defendant actively sought pretense to terminate Plaintiff's employment in direct retaliation to his concerns and specifically to prevent Plaintiff from furthering his concerns in the future.

21. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

22. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

## FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE SECTION 1102.5

### (Against XYPHOS and DOES 1 through 50)

23. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

24. At all times mentioned herein California Labor Code section 1102.5 et seq. were in full force and effect and were binding on Defendants and each of them.

25. California Labor Code § 1102.5(a) provides: "An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

26. California Labor Code § 1102.5(b) provides: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

27. Here, Plaintiff was retaliated against after disclosing what he believed to be illegal and unlawful conduct. Specifically, Plaintiff reasonably believed that the practices Defendant was engaging in by continuing to produce its therapy platform was in violation of local, state and federal laws, given that he reasonably believed that the therapy platform was detrimental to the health of patients. Specifically, Plaintiff had a reasonable belief that the information he provided to Defendant disclosed a violation of the Code of Federal Regulations ("CFR") Title 21 – Food and Drugs. Plaintiff reasonably believed that the information he provided to Defendant violated Parts 312 and 600 of Title 21. Part 312 regulates Investigational New Drug Applications and Part 600 regulates Biological Products.

28. As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff has lost, and will continue to lose, earnings and benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this court.  Plaintiff claims such amounts as damages together

**JML LAW**
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

with prejudgment interest pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

29. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

30. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage him, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

31. Plaintiff is informed and believes and based thereon alleges that Defendants engaged in a pattern and practice of terminating and/or otherwise retaliating against and harassing employees such as Plaintiff when they disclosed information about suspected illegal activities. Defendants engaged in this conduct instead of informing whistleblowing employees of their protections under the law and implementing a plan to protect them from retaliation and harassment. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such conduct.

## SECOND CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against XYPHOS and DOES 1 through 50)

32. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth at this place.

33. "[W]hen an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages

1  traditionally available in such actions." *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167,

2  170 "[T]he cases in which violations of public policy are found generally fall into four

3  categories: (1) refusing to violate a statute; (2) performing a statutory obligation (3) exercising a

4  statutory right or privilege; and (4) reporting an alleged violation of a statute of public

5  importance." Gantt v. Sentry Insurance (1992) 1 Cal.4th 1083, 1090-1091. Similarly, "an

6  employer's authority over its employee does not include the right to demand that the employee

7  commit a criminal act to further its interests, and an employer may not coerce compliance with

8  such unlawful directions by discharging an employee who refuses to follow such an order . . ."

9  *Tameny, supra*, 27 Cal.3d at p. 178.

10      34. At all times mentioned, the public policy of the State of California, as codified,

11  is to prohibit employers from retaliating against any employee who reports violations of local,

12  state and federal laws by their employers to certain parties.

13      35.

14      36. The public policy of the State of California is designed to protect all employees and to

15  promote the welfare and well-being of the community at large.  Accordingly, the actions of

16  Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described

17  herein were wrongful and in contravention of the express public policy of the State of California.

18      37. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

19  has suffered actual, consequential and incidental financial losses, including without limitation,

20  loss of salary and benefits, and the intangible loss of employment related opportunities in his

21  field and damage to his professional reputation, all in an amount subject to proof at the time of

22  trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

23  and/or any other provision of law providing for prejudgment interest.

24      38. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

25  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

26  embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

27  believes and thereupon alleges that he will continue to experience said physical and emotional

28

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

39. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Defendants had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent retaliation against and upon employees of Defendants.  However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Defendants also had a pattern and practice of retaliating against employees. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

**WHEREFORE, Plaintiff prays for judgment as follows:**

    1.    For general damages, according to proof;

    2.    For special damages, according to proof;

    3.    For loss of earnings, according to proof;

    4.    For statutory penalties for wage and hour violations, according to proof;

    5.    For declaratory relief, according to proof;

    6.    For injunctive relief, according to proof;

    7.    For attorneys' fees, according to proof;

    8.    For prejudgment interest, according to proof;

    9.    For punitive and exemplary damages, according to proof;

    10.   For costs of suit incurred herein;

    11.   For interest accrued to date;

    12.   For such other relief that the Court may deem just and proper.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

## __DEMAND FOR JURY TRIAL__

Plaintiff hereby demands a jury trial for all causes of action set forth herein.


DATED:      March 23, 2022                  JML LAW, A Professional Law Corporation



By:     _Shahla Jalil-Valles_

JOSEPH M. LOVRETOVICH

ERIC M. GRUZEN

SHAHLA JALIL-VALLES

Attorneys for Plaintiff

COMPLAINT

EXHIBIT B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 73403; 222448; 327787 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Joseph M. Lovretovich; Eric M. Gruzen; Shahla Jalil-Valles | | |

ATTORNEY OR PARTY WITHOUT ATTORNEY:      STATE BAR NO: 73403; 222448; 327787
NAME: Joseph M. Lovretovich; Eric M. Gruzen; Shahla Jalil-Valles
FIRM NAME: JML LAW, APLC
STREET ADDRESS: 5855 Topanga Canyon Boulevard, Suite 300
CITY: Woodland Hills      STATE: CA      ZIP CODE: 91367
TELEPHONE NO.: (818) 610-8800      FAX NO.: (818) 610-3030
E-MAIL ADDRESS: jml@jmllaw.com; egruzen@jmllaw.com; shahla@jmllaw.com
ATTORNEY FOR (Name): Plaintiff VIKASH BHAGWANDIN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: SOUTHERN BRANCH: HALL OF JUSTICE

Plaintiff/Petitioner: VIKASH BHAGWANDIN
Defendant/Respondent: XYPHOS BIOSCIENCES, INC., ET AL.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>22-CIV-01256 |
|---|---|

TO (insert name of party being served): Xyphos Biosciences, Inc. c/o Benjamin A. Mains/Ogletree, Deakins, Nash, Smoak & Stewart
One Embarcadero Center, Suite 900 | San Francisco, CA 94111

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 3/23/2022

Diana Muftikian
(TYPE OR PRINT NAME)

▶                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other (specify):

   Civil Case Coversheet

(To be completed by recipient):

Date this form is signed: April 12, 2022

Benjamin Mains
on behalf of Xyphos Biosciences, Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶                    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**PROOF OF SERVICE**
*Vikash Bhagwandin v. Xyphos Biosciences, Inc.*
California Superior Court, County of San Mateo
Case No. 22-CIV-01256

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made.  My business address is One Embarcadero Center, Suite 900, San Francisco, CA 94111.

On April 12, 2022, I served the following document(s):

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

by sending ☐ (the original) ☒ (a true copy thereof) via email:

Eric M. Gruzen                                    Attorneys for Plaintiff
Shahla Jalil-Valles
JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA  91367
Email: egruzen@jmllaw.com
           shahla@jmllaw.com
Tel:     818-610-8800
Fax:     818-610-3030

☒     **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒     **(State)**        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 12, 2022 at San Francisco, CA.

_____
Pamela A. Leonard

1                                              Case No. 22-CIV-01256

EXHIBIT C



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1st Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

| FOR COURT USE ONLY |
| --- |

# FILED

SAN MATEO COUNTY

3/23/2022

**Clerk of the Superior Court**

/s/ Unaloto Finau

DEPUTY CLERK

PETITIONER/PLAINTIFF:  **VIKASH BHAGWANDIN**

RESPONDENT/DEFENDANT:   **XYPHOS BIOSCIENCES, INC., A DELAWARE CORPORATION; DOES 1 THROUGH 50, INCLUSIVE**

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL) AND NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
**22-CIV-01256**

By order of the Presiding Judge pursuant to San Mateo County Superior Court Local Rule 3.200(a) the above entitled matter is assigned for all purposes to: **Robert D Foiles** in **Department 21.**

**An Initial Case Management Conference is set before the Civil Commissioner, as follows:**
**DATE: 7/21/2022**

**TIME: 9:00 AM**

**LOCATION: 800 North Humboldt Street, San Mateo, CA 94401**

APPEARANCES SHALL BE REMOTE ONLY.  Please visit our website at for information on remote appearances:
https://www.sanmateocourt.org/general_info/remote_appearance.php

---

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateocourt.org/civiljudges.

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
| --- | --- | --- |
| Robert D Foiles | 650-261-5121 | Dept21@sanmateocourt.org |

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Initial Case Management Conference.  The date, time and department are noted above.

1.  In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered to:
    a)  Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).
    b)  Serve a copy of this Notice, blank form of the Case Management Statement and ADR Information Package on all named parties in this action (Local Rule 3.804(a)). Documents are available online under the CIVIL CMC Packet section at: http://sanmateocourt.org/court_divisions/civil/
    c)  File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)).  Failure to do so may result in monetary sanctions or the continuance of the CMC.
    d)  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).

Rev. November 2020

2. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a *Stipulation and Order to ADR* (Local Form ADR-CV-1). File and serve the completed *Stipulation and Order to* ADR form at least 12 days prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at http://sanmateocourt.org/court_divisions/adr/civil/

For additional information, you may visit the Judicial officer's webpage at: www.sanmateocourt.org/civiljudges

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court  or  ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date:  3/23/2022

Neal I Taniguchi, Court Executive Officer/Clerk

By:   /s/ Unaloto Finau
_____
Unaloto Finau, Deputy Clerk

Notice being served on:

SHAHLA JALIL-VALLES
JML LAW
5855 TOPANGA CANYON BOULEVARD
SUITE 300
WOODLAND HILLS CA  91367

Rev. November 2020

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JML LAW**
A Professional Law Corporation
5855 TOPANGA CANYON BLVD. SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
ERIC M. GRUZEN, STATE BAR NO. 222448
SHAHLA JALIL-VALLES, STATE BAR NO. 327827

Attorneys for Plaintiff
**VIKASH BHAGWANDIN**

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON                                    4/11/2022
By      /s/ Priscilla Tovar
                  Deputy Clerk

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN MATEO - SOUTHERN BRANCH: HALL OF JUSTICE

| | |
|---|---|
| VIKASH BHAGWANDIN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>XYPHOS BIOSCIENCES, INC., a Delaware corporation; and DOES 1 through 50, inclusive;<br><br>Defendants. | Case No. 22-CIV-01256<br>*(Assigned for all purposes to the,, Robert D. Foiles , 21)*<br><br>**PEREMPTORY CHALLENGE TO ASSIGNED JUDGE [CCP Section 170.6]** |

I, Eric M. Gruzen, declare:

1.      I am an attorney, duly licensed to practice in the State of California, and am a Partner with JML Law A.P.L.C., the attorneys of record for Plaintiff VIKASH BHAGWANDIN herein.  As such, all facts stated herein are of my personal knowledge and belief, and if called upon to testify, I could and would competently testify thereto under oath.

2.      Our office received a Notice of Assignment for All Purposes (Civil) and Notice of Case Management Conference on or about March 23, 2022 notifying that this action was being assigned to Judge Robert D. Foiles for all purposes, including trial.

///

///

1

**PEREMPTORY CHALLENGE TO ASSIGNED JUDGE**

1

2       3.     I am informed and believe that Judge Robert D. Foiles, the Judge whom this

3   action has been assigned for trial, is prejudiced against my law office and against my client, or

4   against our interests, such that I believe I cannot have a fair and impartial trial or hearing before

5   such Judge.

6       4.     I therefore request that Judge Robert D. Foiles be disqualified pursuant to Code of

7   Civil Procedure Section 170.6 and that this action be assigned to some other judge for all

8   purposes, including trial.

9       I declare under penalty of perjury under the laws of the State of California that the

10  foregoing is true and correct.

11      Executed this 11th day of April, 2022, at Woodland Hills, California.

12

13                      By:    _____

14                              Eric M. Gruzen

15                              Attorney for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

**JML LAW**
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

**PEREMPTORY CHALLENGE TO ASSIGNED JUDGE**



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1ˢᵗ Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

FOR COURT USE ONLY

# FILED

SAN MATEO COUNTY

4/14/2022

**Clerk of the Superior Court**

/s/ Padmani Singh

DEPUTY CLERK

PLAINTIFF: **VIKASH BHAGWANDIN**

DEFENDANT: **XYPHOS BIOSCIENCES, INC., A DELAWARE CORPORATION; DOES 1 THROUGH 50, INCLUSIVE**

**NOTICE OF REASSIGNMENT FOR ALL PURPOSES (CIVIL) PURSUANT TO PEREMPTORY CHALLENGE**

CASE NUMBER:
**22-CIV-01256**

By order of the Presiding Judge the above entitled matter is reassigned for all purposes to: **Marie S. Weiner** in **Department 2**.

A Case Management Conference Hearing previously scheduled on July, 21, 22 at 9:00 am in Department 34 at 800 North Humboldt Street, San Mateo, CA 94401 remains as set.

---

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateocourt.org/civiljudges.

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| Marie S. Weiner | 650-261-5102 | Dept2@sanmateocourt.org |

---

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court  or  ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date:  4/14/2022

Neal I Taniguchi, Court Executive Officer/Clerk

By:   /s/ Padmani Singh

Padmani Singh, Deputy Clerk

Rev. Jan. 2021

Notice being served on:

SHAHLA JALIL-VALLES
JML LAW
5855 TOPANGA CANYON BOULEVARD
SUITE 300
WOODLAND HILLS CA  91367