UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKASH BHAGWANDIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>XYPHOS BIOSCIENCES, INC.,<br><br>　　　　Defendant. | Case No.  22-cv-02818-JSC<br><br>**ORDER TO DEFENDANT TO SHOW CAUSE** |

Pending before the Court is Defendant's motion to dismiss. (Dkt. No. 8.) The Court has determined that federal subject matter jurisdiction may not exist in the first instance. Accordingly, the Court VACATES the June 30, 2022 hearing and ORDERS Defendant to show cause why this case should not be remanded to state court.

## BACKGROUND

Plaintiff filed suit against his former employer in San Mateo County Superior Court. (Dkt. No. 1-1.) He brings a claim for violation of California Labor Code § 1102.5 and a claim for wrongful termination in violation of public policy. (*Id.* at 9, 13–17.) Both arise under California law. Defendant removed to federal court, asserting federal question subject matter jurisdiction because resolution of Plaintiff's claims will necessarily and substantially depend on a question of federal law. (Dkt. No. 1 ¶¶ 11–24.)

## DISCUSSION

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If a court lacks subject matter jurisdiction over a removed case, it must remand the case at any time before final judgment. *Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992). Federal question

jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (cleaned up).  The complaint must show that "federal law creates the cause of action or that [Plaintiff's] right to relief necessarily depends on resolution of a substantial question of federal law."  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted); *see Gunn v. Minton*, 568 U.S. 251, 258 (2013) ("[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.").

Defendant argues that Plaintiff's state law claims raise federal issues under the Food, Drug, and Cosmetic Act ("FDCA").  The complaint alleges Defendant violated California Labor Code § 1102.5 by retaliating against Plaintiff after he reported what he reasonably believed were violations of FDCA regulations.  (Dkt. No. 1-1 ¶¶ 13, 15, 27.)

"An employee engages in activity protected by [Section 1102.5] when the employee discloses reasonably based suspicions of illegal activity." *Ross v. County of Riverside*, 248 Cal. Rptr. 3d 696, 704 (Cal. Ct. App. 2019) (cleaned up).  "To have a reasonably based suspicion of illegal activity, the employee must be able to point to some legal foundation for his suspicion— some statute, rule or regulation which may have been violated by the conduct he disclosed." *Id.* at 705 (cleaned up).  Thus, the statute does not require that the disclosed activity actually be illegal.  Rather, it protects employees who disclose activity that they have "reasonable cause to believe" is illegal. Cal. Lab. Code § 1102.5(a)-(b); *see Green v. Ralee Eng'g Co.*, 960 P.2d 1046, 1052 (Cal. 1998) ("This provision . . . show[s] the Legislature's interest in encouraging employees to report workplace activity that may violate important public policies that the Legislature has stated.").

Because Section 1102.5 does not require Plaintiff to prove that the activity he disclosed was illegal, the issue of whether the activity violated the FDCA is not necessarily raised or disputed in this case. *See Gunn*, 568 U.S. at 258.  Plaintiff could prevail on this claim even if his reasonable belief were mistaken and the disclosed activity were lawful.  Thus, the FDCA is only tangentially relevant; the key inquiry on this element is Plaintiff's reasonable belief. *See, e.g.*,

2

*Kirkpatrick v. City of Oakland*, No. 20-cv-05843-JSC, 2022 WL 1032446, at *2 (N.D. Cal. Apr. 6, 2022) ("A reasonable trier of fact could find that the information Plaintiff disclosed provided her with a reasonable basis to suspect that these incidents involved Commissioner Harris attempting to misuse her position for personal benefit in violation of Oakland Municipal Code § 2.25.060(A)(2). . . . [T]he record evidence also supports a finding that Plaintiff believed the Commissioner had engaged in such unlawful activity.").

Accordingly, resolution of Plaintiff's state law claims does not depend on resolution of a substantial question under the FDCA.  Nor is any other basis for federal question jurisdiction (or diversity jurisdiction) apparent from the complaint.

## CONCLUSION

Defendant shall show cause in writing on or before June 28, 2022, as to why this case should not be remanded to state court for lack of subject matter jurisdiction.  *See Maniar*, 979 F.2d at 785.

**IT IS SO ORDERED.**

Dated: June 23, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge

3