UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKASH BHAGWANDIN,<br><br>Plaintiff,<br><br>v.<br><br>XYPHOS BIOSCIENCES, INC.,<br><br>Defendant. | Case No. 22-cv-02818-JSC<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>Re: Dkt. Nos. 21, 22 |

Defendant removed this action to federal court and moved to dismiss the complaint. Upon review of the complaint pursuant to Defendant's motion to dismiss, (Dkt. No. 8), the Court determined that federal subject matter jurisdiction may not exist and ordered Defendant to show cause why this case should not be remanded to state court, (Dkt. No. 21).[1] *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). The Court held oral argument on its show cause order on July 28, 2022. Because Defendant fails to show that this Court has subject matter jurisdiction, (Dkt. No. 22), the Court REMANDS this case to state court.

**DISCUSSION**

Federal question jurisdiction exists where the complaint shows that "federal law creates the cause of action or that [Plaintiff's] right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted); *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013) ("[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the

2    federal-state balance approved by Congress."). Plaintiff brings two state law claims: a claim under

3    Labor Code § 1102.5 and a claim for wrongful discharge in violation of public policy. (Dkt. No.

4    1-1.) The complaint alleges Defendant retaliated against Plaintiff after he reported what he

5    reasonably believed were violations of regulations implementing the federal Food, Drug, and

6    Cosmetic Act ("FDCA"). (*Id.* at 11 ¶ 13, 12 ¶ 15, 14 ¶ 27.) Defendant's notice of removal asserts

7    federal question jurisdiction because resolution of Plaintiff's claims will necessarily and

8    substantially depend on a question of federal law under the FDCA. (Dkt. No. 1 ¶¶ 11–24.)

### A.     Section 1102.5

"An employee engages in activity protected by [Section 1102.5] when the employee discloses reasonably based suspicions of illegal activity." *Ross v. County of Riverside*, 248 Cal. Rptr. 3d 696, 704 (Cal. Ct. App. 2019) (cleaned up). "To have a reasonably based suspicion of illegal activity, the employee must be able to point to some legal foundation for his suspicion—some statute, rule or regulation which may have been violated by the conduct he disclosed." *Id.* at 705 (cleaned up). Thus, the statute does not require that the disclosed activity actually be illegal. Rather, it protects employees who disclose activity that they have "reasonable cause to believe" is illegal. Cal. Lab. Code § 1102.5(a)-(b); *see Green v. Ralee Eng'g Co.*, 960 P.2d 1046, 1052 (Cal. 1998) ("This provision . . . show[s] the Legislature's interest in encouraging employees to report workplace activity that may violate important public policies that the Legislature has stated.").

Because Section 1102.5 does not require Plaintiff to prove that the activity he disclosed was illegal, the issue of whether the activity violated the FDCA is not necessarily raised or disputed in this case. *See Gunn*, 568 U.S. at 258. Plaintiff could prevail on this claim even if his objectively reasonable belief were mistaken and the disclosed activity were lawful. Thus, the FDCA is only tangentially relevant; the key inquiry on this element is Plaintiff's reasonable belief. *See, e.g.*, *Kirkpatrick v. City of Oakland*, No. 20-cv-05843-JSC, 2022 WL 1032446, at *2 (N.D. Cal. Apr. 6, 2022). Whether Plaintiff's belief was reasonable is a question of *state* law under Section 1102.5, notwithstanding that his belief was formed in reference to a federal law. *See* Cal. Lab. Code § 1102.5(a) ("if the employee has reasonable cause to believe that the information

1  discloses a violation of state or *federal* statute, or a violation of or noncompliance with a local,
2  state, or *federal* rule or regulation" (emphases added)); *Ortega v. Alcoa Glob. Fasteners, Inc.*, No.
3  2:16-cv-07690-SVW-SKX, 2016 WL 7324082, at *3 (C.D. Cal. Dec. 14, 2016) (concluding that
4  federal question jurisdiction did not arise from Section 1102.5 claim that accused defendant of
5  violating federal regulations); *cf. DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658–59 (9th
6  Cir. 1992) ("DeSoto claims there is support for his proposed first cause of action that it is
7  wrongful to terminate an employee who refuses to commit a suspected violation of the law. To
8  decide whether it is wrongful to terminate an employee who refuses to commit a suspected
9  violation with respect to motor vehicle registration, we follow a state supreme court's
10 interpretation of its own law . . . .").

11       Defendant's reliance on *Love v. Motion Industries, Inc.*, 309 F. Supp. 2d 1128 (N.D. Cal.
12 2004), and *Fitzgerald v. El Dorado County*, 94 F. Supp. 3d 1155 (E.D. Cal. 2015), is
13 unpersuasive. Both held that a whistleblowing plaintiff must cite a specific "statute, rule or
14 regulation that may have been violated by the disclosed conduct" in order to establish a
15 "foundation for the reasonableness of his belief." *Love*, 309 F. Supp. 2d at 1135 ("Plaintiff . . .
16 argues simply that he reasonably believed that the activity violated some unnamed statute, rule, or
17 regulation. . . . [H]e remains unable to state any statutory or regulatory basis for his claim . . . .
18 Plaintiff's silence is telling and indicates a lack of any foundation for the reasonableness of his
19 belief."); *see Fitzgerald*, 94 F. Supp. 3d at 1172 ("To have a reasonably based suspicion of illegal
20 activity, the employee must be able to point to some legal foundation for his suspicion—some
21 statute, rule or regulation which may have been violated by the conduct he disclosed." (citing
22 *Love*)). That Plaintiff here cites specific federal regulations does not mean that questions of
23 federal law are necessarily raised or actually disputed.

24       Moreover, even if Plaintiff's Section 1102.5 claim necessarily raised a question of federal
25 law, it would not be substantial. *See Gunn*, 568 U.S. at 258 (defining substantiality as "the
26 importance of the issue to the federal system as a whole"). Plaintiff alleges he reasonably believed
27 Defendant had violated regulations promulgated by a federal agency. "This dispute is between
28 private parties and, although Plaintiff's claims arguably may involve a federal statute . . . , they do

3

1  not involve a substantial interest of the federal government that would be advanced by hearing the
2  claim in this court." *Browand v. Ericsson Inc.*, No. 18-cv-02380-EMC, 2018 WL 3646445, at *4
3  (N.D. Cal. Aug. 1, 2018) (citing cases finding substantial questions of federal law "involv[ing]
4  issues like the federal government's interest in being able to recover delinquent taxes . . . or
5  whether the federal government's issuance of bank bonds is unconstitutional").

### B. Wrongful Discharge in Violation of Public Policy

For similar reasons, Plaintiff's claim for wrongful discharge does not depend on resolution of a substantial question under the FDCA. "[W]hen an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Tameny v. Atl. Richfield Co.*, 610 P.2d 1330, 1331 (Cal. 1980). "[P]ublic policy cases" include a situation where an employee "reported a statutory violation for the public's benefit." *Green*, 960 P.2d at 1051. "[A]n employee need not prove an actual violation of law; it suffices if the employer fired him for reporting his reasonably based suspicions of illegal activity." *Id.* (cleaned up). Because the wrongful discharge claim does not require Plaintiff to prove that the activity he disclosed was illegal, the issue of whether the activity violated the FDCA is not necessarily raised or disputed in this case. *See Gunn*, 568 U.S. at 258; *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343–44 (9th Cir. 1996) ("It is state, not federal, law that creates the cause of action for wrongful discharge in violation of public policy. . . . The direct and indirect references to Title VII in those two state law causes of action do not make those claims into federal causes of action. Rather, the complaint merely incorporates Title VII as one of several similar sources of public policy supporting . . . state law claims."). Even if an issue of federal law were necessarily raised, it would not be substantial.

* * *

Resolution of Plaintiff's state law claims does not depend on resolution of a substantial question under the FDCA. The Court therefore lacks jurisdiction and remand is proper. *See Maniar v. Fed. Deposit Ins. Corp.*, 979 F.2d 782, 785 (9th Cir. 1992) (explaining that if court lacks subject matter jurisdiction over a removed case, it must remand the case at any time before final judgment).

4

This case is REMANDED to San Mateo County Superior Court.

**IT IS SO ORDERED.**

Dated: July 28, 2022

JACQUELINE SCOTT CORLEY
United States District Judge